# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1419
LT Case No. 2020-DP-000003

_____

DEPARTMENT OF CHILDREN AND
FAMILIES and THE STATEWIDE
GUARDIAN AD LITEM OFFICE,

    Appellants,

    v.

C.R., Mother of J.C.J., J.D.M.,
W.C.L.C., W.D.L., and Z.C.,
Children, and W.C., Father of
W.C.L.C. and Z.C., Children,

    Appellees.

_____


On appeal from the Circuit Court for Lake County.
Jason J. Nimeth, Judge.

Rachel Batten, of Children's Legal Services, Brooksville, for
Appellant, Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and
Amanda Victoria Glass, Senior Attorney, of Statewide
Guardian ad Litem, Tallahassee, for Appellant, Statewide
Guardian ad Litem Office.

Lawrence P. Cartelli, of Lawrence P. Cartelli, P.A., Tavares, for
Appellee, C.R., Mother.

Summer N. Boyd, of the Law Office of Summer Boyd,
Jacksonville, for Appellee, W.C., Father.

November 25, 2024

PER CURIAM.

This is an appeal by the Department of Children and Families ("the Department") and the Statewide Guardian Ad Litem Office ("the GAL") from an adjudicatory order denying the Department's petition to terminate the parental rights of C.R. ("the Mother") and W.C. ("the Father"). For the reasons that follow, we reverse and remand for further proceedings.

"To terminate parental rights, the State must establish: (1) the existence of one of the statutory grounds set forth in Chapter 39; (2) that termination is in the best interest of the child; and (3) that termination is the least restrictive means of protecting the child from harm." *R.L. v. Dep't of Child. & Fams.*, 63 So. 3d 920, 921–22 (Fla. 5th DCA 2011). The Department must prove these elements by clear and convincing evidence. *Id.* at 922. On appeal, the trial court's findings of fact are reviewed to determine whether they are supported by competent substantial evidence. *Dep't of Child. & Fams. v. D.E.*, 325 So. 3d 277, 279 (Fla. 5th DCA 2021). However, the trial court's legal conclusions are reviewed de novo. *Id.*

The Department and the GAL correctly assert that the trial court erred when it found the evidence insufficient to terminate mother's parental rights pursuant to section 39.806(1)(*l*), Florida Statutes (2022). That statute provides for the termination of parental rights where "the child or another child of the parent or parents" has been placed in out-of-home care on three or more occasions, and the conditions that led to the child's out-of-home placement were caused by the parent or parents.

The trial court found that the Mother caused the placement of a child in out-of-home care on four occasions: (1) two children were removed in January 2020, due to domestic violence between the Father and the Mother; (2) a third child was removed in August 2020, due to the Mother's not having completed her case plan; (3) a fourth child was removed in March 2022, after the Mother posted

a video on social media holding a gun and threatening individuals who had attacked her—all in the presence of the child; and (4) a fifth child was removed after the Mother left the state two days before giving birth to the child while three of her other children remained in out-of-home care.

Despite these factual findings, the trial court concluded that the evidence was insufficient to terminate Mother's parental rights because no single child was removed at least three times. But the requirements of section 39.806(1)(*l*) are satisfied if a parent with multiple children causes the removal of any number or combination of the parent's children on at least three occasions. *See K.A. v. Dep't of Child. & Fams.*, 332 So. 3d 501, 504–06 (Fla. 4th DCA 2021); *E.A. v. Dep't of Child. & Fams.*, 332 So. 3d 493, 496–99 (Fla. 4th DCA 2021). The trial court misconstrued the clear and unambiguous statutory language when it found no basis to terminate the Mother's parental rights pursuant to section 39.806(1)(*l*).

The Department and the GAL are also correct that the trial court erred when, based on its own finding that Father abandoned W.C.L.C., it failed to terminate Father's parental rights pursuant to section 39.806(1)(b), Florida Statutes (2022). We likewise agree that the trial court erred when it declined, even after a specific request on rehearing, to make findings concerning Z.C.

Given its conclusions, the trial court has not yet considered the best interests of the children. Accordingly, we reverse the order. On remand, as to Z.C., the trial court should make findings. As to the other children, and as to Z.C., if the trial court finds that Father abandoned Z.C., the trial court should consider the best interest of the children. *See* § 39.810, Fla. Stat. (2022); *R.W. v. Dep't of Child. & Fams.*, 228 So. 3d 730, 734 (Fla. 5th DCA 2017); *In re E.R.*, 49 So. 3d 846, 856 (Fla. 2d DCA 2010); *see also* § 39.806(2), Fla. Stat. (2022).

REVERSED and REMANDED.

WALLIS, JAY, and EISNAUGLE, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____